UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES I. PRINGLE,

    Plaintiff,

v.                                Case No. 3:24-cv-257-TJC-JBT

OFFICER T. DUNCAN,

    Defendant.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate of the Florida penal system, initiated this case by filing a Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He also moves to proceed in forma pauperis. Doc. 2. Plaintiff names one Defendant – Officer T. Duncan. Doc. 1. He claims that on July 5, 2005, Defendant arrested Plaintiff for trafficking in cocaine. Id. at 5. Plaintiff contends the trial court soon released him on bond pending his state court (Columbia County, Florida) prosecution. Id. According to Plaintiff, however, on February 14, 2006, Defendant initiated a traffic stop of Plaintiff's girlfriend's car while Plaintiff was in the passenger seat of the vehicle. Id. at 5. He asserts that after he gave Defendant his driver's license, Defendant drew his firearm and arrested Plaintiff without probable cause or an arrest warrant. Id. at 6. Plaintiff contends Defendant's February 2006 arrest and resulting prosecution violated his rights under the Fourth,

Fifth, Eighth, and Fourteenth Amendments. Id. at 3. As relief, he seeks monetary damages. Id. at 8.

A review of Plaintiff's state court docket shows that following his February 2006 arrest, Plaintiff entered a plea of guilty to trafficking in cocaine, possession of cannabis with intent to sell, driving while license suspended or revoked (second offense), and resisting officer without violence. See State v. Pringle, No. 2005-CF-000130 (Fla. 3d Cir. Ct.).[1] In July 2006, the trial court sentenced Plaintiff to a one-year term of incarceration to be followed by an eleven-year term of probation. Id. It appears that after serving the incarcerative portion of his sentence, Plaintiff violated his probation several times; and in March 2022, the trial court revoked his probation and sentenced him to a ten-year term of incarceration. Id. Plaintiff is now serving that sentence, with an estimated release date of June 22, 2026. Id.; see also Fla. Dept. of Corr., Corr. Offender Network website, www.dc.stat.fl.us/offenderSearch (last visited on Apr. 3, 2024).

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or

---

[1] The Court takes judicial notice of Plaintiff's state court docket. See McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); see also Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve

3

as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[2]

Plaintiff contends his claim is based on the Fourth, Fifth, Eighth, and Fourteenth Amendments. But given Plaintiff primarily challenges his arrest, the Fourth Amendment's protections are implicated. The Fourth Amendment provides, in relevant part, that people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a [§] 1983 claim." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996). But "the existence of probable cause at the time of arrest is an absolute bar to a § 1983 claim challenging the constitutionality of the arrest." Watkins v. Johnson, 853 F. App'x 455, 460 (11th Cir. 2021) (quoting Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010)); see also Hesed-El v. McCord, 829 F. App'x 469, 472 (11th Cir. 2020)

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

("[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest.").

Here, Plaintiff fails to allege a plausible false arrest claim because he does not allege facts permitting a reasonable inference that Defendant lacked probable cause to arrest him on February 14, 2006. Instead, Plaintiff merely uses conclusory buzzwords, saying Defendant "arrested Plaintiff without probable cause and without a warrant[,] depriving Plaintiff of liberty and life . . . ." Doc. 1 at 6. Such conclusory, vague allegations are insufficient to state a claim under § 1983. See L.S.T. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995); see also Hesed-El v. McCord, 829 F. App'x 469, 472 (11th Cir. 2020) (affirming dismissal of a false arrest claim because the plaintiff's "conclusory assertion that [the officer] acted without probable cause [was] devoid of any facts giving rise to a 'plausible suggestion' of . . . false arrest"); Wright v. Dodd, 438 F. App'x 805, 806 (11th Cir. 2011) (affirming sua sponte dismissal of the plaintiff's § 1983 complaint because the plaintiff alleged only "in conclusory fashion that the police arrested [him] without a warrant," and he did not "allege any facts showing that the police lacked probable cause to arrest him").

Even more, however, Plaintiff attaches to his Complaint the February 14, 2006, arrest and booking report, in which Defendant explained that during the traffic stop, Plaintiff was in possession of a suspended driver's license, in

5

Case 3:24-cv-00257-TJC-JBT   Document 7   Filed 04/09/24   Page 6 of 8 PageID 55

violation of section 322.32, Florida Statutes. Doc. 1-1 at 3; see also § 322.32, Fla. Stat. Under Florida law, "[a] law enforcement officer may arrest a person without a warrant when," among other things, "[t]he person has committed a felony or misdemeanor . . . in the presence of the officer." § 901.15(1), Fla. Stat. Plaintiff does not allege that Defendant's written statements in the arrest report are inaccurate. And he otherwise fails to allege how his possession of a suspended driver's license, which is a misdemeanor, did not provide Defendant with the necessary probable cause to arrest him despite the alleged absence of an arrest warrant. Thus, Plaintiff fails to state a Fourth Amendment claim against Defendant.

In any event, it appears from the face of the Complaint that Plaintiff's claim challenging his 2006 arrest is barred by Florida's four-year statute of limitations. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted); see Owens v. Okure, 488 U.S. 235, 249-50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). In Florida, "[t]he applicable statute of limitations in a § 1983 lawsuit

6

is the four-year Florida state statute of limitations for personal injuries." <u>Omar v. Lindsey</u>, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (citations omitted); <u>Van Poyck v. McCollum</u>, 646 F.3d 865, 867 (11th Cir. 2011) (recognizing that a § 1983 claim is subject to Florida's four-year personal injury statute of limitations); <u>City of Hialeah, Fla. v. Rojas</u>, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." (citations omitted)). According to Plaintiff, the arrest he challenges occurred in February 2006. He filed this case over eighteen years later. Thus, his § 1983 claims are untimely, and this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of April, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

7

Jax-7

C:   James I. Pringle, #I03596